**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 93-CR-20050
                                                                                   94-CR-20061

JOSE GALAVIZ,

    Defendant.

                                                           /

**OPINION AND ORDER DENYING DEFENDANT'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred the above-captioned matters to Magistrate Judge Charles Binder for an evidentiary hearing on Defendant Jose Galaviz's alleged supervised release violations. *See* 28 U.S.C. § 636(b)(1)(B). The magistrate judge conducted the evidentiary hearing on March 1, 2007 and issued his report and recommendation ("R&R") on April 11, 2007. Defendant filed timely objections to the R&R on April 18, 2007. For the reasons set forth below, the court will deny Defendant's objections and adopt the R&R.

**I. STANDARD**

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," of petitions alleging the violation of supervised release. The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

In the R&R, the magistrate judge recommended that the court find by a preponderance of the evidence that Defendant had violated Standard Condition No. 2 of his supervision by failing to report to his probation officer in April and May 2006 and Special Condition No. 5 when he tested positive for marijuana in February 2006.

2

Defendant specifically does not object to these recommendations and, (*See* Obj. at ¶ 1), for the reasons articulated by the magistrate judge, the court adopts these findings.

The magistrate judge also recommended that the court find that Defendant violated the mandatory condition of his supervised release by possessing a firearm on or about December 27, 2006. Defendant presents multiple objections to this recommendation, but they can be grouped into three basic objections: (1) defense counsel had inadequate time to prepare for the evidentiary hearing, and limited records were available; (2) the transcript of the evidentiary hearing was not available to the magistrate judge prior to the issuance of his R&R; and (3) any finding that Defendant possessed the firearm violates the holding of *United States v. Booker*, 543 U.S. 220 (2005). The court has reviewed each of these objections and finds them to be without merit.

First, defense counsel complains that he did not have proper time to prepare for the evidentiary hearing because he was appointed only one month prior to the hearing. He also asserts that he had only limited discovery materials available to him, and did not have all of the police records available to him. Defense counsel asserts that because of his lack of records, he could not fully cross-examine the police witnesses and the police witnesses were not able to use these records to refresh their memories at the hearing.

First, the court notes that Defendant did not request an adjournment of the hearing and, it appears, has not made any further steps to obtain the purportedly necessary records. Moreover, Defendant does not indicate how any additional time or additional discovery material was necessary to prepare for the evidentiary hearing or

contest any of the Government's assertions.  Specifically, Defendant does not explain how these records would have been used to refute the proposed finding that Defendant was, in fact, in possession of a firearm.  Instead, it appears that Defendant is implying, consistent with how Defendant argued at the hearing, that the records could have been useful to further Defendant's position that the firearm was obtained in violation of the Fourth Amendment.  Defendant's argument, or rather his implication, is rejected.  First, for the reasons given by the magistrate judge, the facts of this case conclusively establish that Defendant's actions justified, at a minimum, an investigative detention under *Terry v. Ohio*, 392 U.S. 1 (1968).  (*See* R&R at 7-12.)  Defendant has failed to explain how additional records or time to prepare for the hearing might affect this conclusion.  More fundamentally, however, whether the officers' actions violated the Fourth Amendment is irrelevant, because the exclusionary rule does not apply to supervised release revocation hearings.  *United States v. Blackshear,* No. 92-3881, 1993 WL 288297, *5 (6th Cir. July 29 1993); *see also United States v. Farmer,* 512 F.2d 160, 162 (6th Cir. 1975).  Defendant's objections directed at the alleged inability to prepare and unavailability of various records are denied.  (Obj. at ¶ 2(a)-(f).)

Defendant next objects that the magistrate judge prepared his R&R before a transcript of the hearing was completed.  Defendant does not cite any authority which mandates the use of a transcript in ruling on any issue after a hearing, and the court rejects this objection.  (Obj. at ¶ 2(g).)

Finally, Defendant argues that a judicial finding of a supervised release violation by a preponderance of the evidence violates the rule articulated in *Booker*, 543 U.S. 220, where the Supreme Court held that the United States Sentencing Guidelines were

4

unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. Defendant has not cited, nor has the court located, any case which applies *Booker's* rule in determinations of supervised release violations. Defendant's objection will therefore be denied. (Obj. at ¶¶ 3-6.)

Having reviewed the magistrate judge's R&R, the court finds its analysis thorough and correct. The court will therefore adopt the R&R in its entirety and find that Defendant has violated Standard Condition No. 2 of his supervision by failing to report to his probation officer in April and May 2006, Special Condition No. 5 when he tested positive for marijuana in February 2006, and the mandatory condition of his supervised release by possessing a firearm on or about December 27, 2006.

## III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 375, 93-20050; Dkt. # 24, 94-20061] are DENIED and the magistrate judge's April 11, 2007 report and recommendation [Dkt. # 374, 93-20050; Dkt. # 23, 94-20061] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  May 17, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 17, 2007, by electronic and/or ordinary mail.

  s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522